991 So.2d 998 (2008)
COSTCO WHOLESALE CORP., Petitioner,
v.
Anthony DEFILIPPO, Respondent.
No. 4D08-3208.
District Court of Appeal of Florida, Fourth District.
October 1, 2008.
Kevin J. McAllister, David F. Cooney and Warren B. Kwavnick of Cooney, Mattson, Lance, Blackburn, Richards & O'Connor, P.A., Fort Lauderdale, for petitioner.
Matthew D. Levy of Metnick, Levy & Long, P.A., Delray Beach, for respondent.
PER CURIAM.
Petitioner Costco Wholesale Corporation (Costco) petitioned for certiorari review of a Palm Beach County Circuit Court order which denied in part its objections to an interrogatory and request for production from respondent/plaintiff Anthony Defilippo in a personal injury lawsuit. Defilippo had sued Costco for negligence, alleging that a Costco employee dropped a table on his foot. He propounded interrogatories and a request for production.
The interrogatories included a question as to whether there had been any accidents at the subject premises within three years of the incident, and if so, the location, description of how it occurred, and other related information including the status of any claims or lawsuits for the accidents. Costco objected to that interrogatory as overbroad, burdensome, harassing, and not reasonably calculated to lead to the discovery of admissible evidence because it asked for information on accidents not relevant to the facts in this case, as it would include slip and fall incidents and other unrelated events.
The circuit court order partially overruled Costco's objection to this interrogatory on the grounds that the court was simultaneously directing Costco to provide all records for three years before the accident *999 related to previous accidents resulting in injury when a claim or lawsuit was filed as a result.
Costco argues in its petition for writ of certiorari that no request for production of such documents was ever made. The request for production asked for the subject incident report and associated information. Petitioner Costco argues that the trial court order exceeded that request, denying its procedural due process rights of notice and an opportunity to be heard on this issue. Also, Costco argues that it was denied the right to demonstrate that the records now ordered to be produced are protected from discovery by work product and other privileges and grounds for objection.
In response to this court's order to show cause as to why the petition should not be granted, respondent Defilippo has advised that he does not contest this petition. Accordingly, we grant the petition for writ of certiorari and quash the trial court's order.
STONE, WARNER and POLEN, JJ., concur.